IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY BOCLAIR, #A-60451, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-CV-1188-SMY ) |
| JACQUELINE LASHBROOK, JOHN R. BALDWIN, and JOHN DOES, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Stanley Boclair, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Menard Correctional Center ("Menard"), brings this *pro se* action pursuant to 42 U.S.C. § 1983. Boclair claims he was subjected to cruel and unusual punishment when unidentified members of the Orange Crush tactical unit handcuffed him in a stress position, causing severe pain and injuring his left shoulder. He also alleges that Jacqueline Lashbrook (Warden of Menard) and John R. Baldwin (Director of IDOC) failed to intervene on his behalf during the handcuffing incident. In connection with these claims, Plaintiff seeks monetary damages.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court must dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from suit.

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: in March 2015, Plaintiff fell and injured his left shoulder. (Doc. 1, p. 5). After the injury, Plaintiff completed a course of treatment that included physical therapy and cortisone injections. *Id.* The treatment was successful, meaning that it alleviated Plaintiff's pain and no additional medical treatment was needed. *Id.*

On August 4, 2017, Warden Lashbrook and Director Baldwin directed members of the Orange Crush tactical unit to conduct a shake down at Menard. *Id.* During the shake down, the John Doe Defendants handcuffed Plaintiff in a stress position for more than 1 ½ hours. (Doc. 1, p. 6). Plaintiff told the John Doe Defendants about his preexisting shoulder injury; he "cried out in piercing pain and tears to three different Orange Crush voices that an old shoulder injury was being ripped apart." *Id.* Plaintiff continued "crying in excruciating pain," but his complaints were ignored by the John Doe Defendants. *Id.* Lashbrook and Baldwin were present during this incident, but failed to intervene on Plaintiff's behalf.

As a result of being handcuffed in this manner, Plaintiff's shoulder is partially paralyzed. *Id.* Plaintiff experiences daily "piercing pain" and surgery will be required to repair his shoulder. (Doc. 1, pp. 6-7).

## Merits Review Under § 1915(A)

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these Counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order is dismissed without

prejudice as inadequately pled under the *Twombly* pleading standard.[1]

>    **Count 1 –** Eighth Amendment Claim against John Doe Defendants (unidentified members of the Orange Crush tactical unit) for leaving Plaintiff handcuffed in a stress position, on or about August 4, 2017, despite Plaintiff's complaints about excruciating pain and/or a prior shoulder injury.
>
>    **Count 2 –** Eighth Amendment claim against Lashbrook and Baldwin for failing to intervene to protect Plaintiff on or about August 4, 2017.

**Count 1**

Plaintiff specifically alleges that the John Doe Defendants ignored his complaints of severe pain. This is sufficient to allow the Eighth Amendment claim in Count 1 to proceed. *See Farmer v. Brennan*, 511 U.S. 825 (1994). *See also Stewart v. Special Adm'r of Estate of Mesrobian,* 559 F. App'x 543, 548 (7th Cir. 2014) ("even security measures as ordinary as handcuffs can be used in ways that violate the constitution"); *Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (prisoner's allegations, including that he suffered unnecessary pain while handcuffed for seven hours, were sufficient to state Eighth Amendment violation). Accordingly, Count 1 will receive further review.

**Count 2**

Count 2 may proceed against Director Baldwin and Warden Lashbrook to the extent that Plaintiff alleges they witnessed the conduct at issue in Count 1 and failed to intervene on his behalf. *See Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009) (official can be held liable under § 1983 if he "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring").

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

### Identification of Unknown Defendants

The current Warden of Menard, Jacqueline Lashbrook, will be responsible for responding to discovery (informal or formal) aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Pending Motions

Plaintiff has filed two Motions for Recruitment of Counsel (Docs. 2 and 7), which shall be **DENIED**. The district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Pruitt*, 503 F.3d at 655.

As to the first question, Plaintiff did not provide sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own (he merely indicates that he wrote to one attorney). As to the second question, Plaintiff indicates that, although he has some college education, the case involves complex issues. Nonetheless, the Court finds that

Plaintiff is capable of proceeding *pro se*, at least for now.  Plaintiff has some college education, and his pleadings indicate that he can read and write in English effectively.  Plaintiff appears competent to try this matter without representation at this time.  Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** will proceed as to **JOHN DOES (unidentified members of the Orange Crush tactical unit)**.

**IT IS FURTHER ORDERED** that **COUNT 2** will proceed as to **BALDWIN and LASHBROOK.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **BALDWIN** and **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff.  If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file

or disclosed by the Clerk.

Service shall not be made on the unknown defendants until such time as Plaintiff has identified them by name in a properly filed Motion for Substitution of Parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 14, 2018**

s/ STACI M. YANDLE
**District Judge**
