UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STANLEY BOCLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-1188-SMY |
| | ) | |
| JOHN BALDWIN | ) | CIVIL RIGHTS COMPLAINT |
| JACQUELINE LASHBROOK | ) | pursuant to 42 U.S.C. §1983 (State Prisoner) |
| BARRY MYERS, | ) | |
| MICHAEL LAMINACK, | ) | |
| PHILIP ROYSTER, | ) | |
| JOSHUA CORNSTUBBLE, | ) | |
| JOHN KOCH, | ) | |
| JUSTIN ENGELAGE, | ) | |
| CARSON WINTERS, and | ) | |
| EZRA HUNTER, | ) | Plaintiff demands trial by jury |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Serve all newly added Defendants *except* | ) | |
| Ezra Hunter at: | ) | |
| Menard Correctional Center | ) | |
| 711 E. Kaskaskia St. | ) | |
| Menard, IL 62259 | ) | |
| | ) | |
| *Serve Defendant Ezra Hunter at:* | ) | |
| Shawnee Correctional Center | ) | |
| 6665 State Route 146 East | ) | |
| Vienna, IL 62995 | ) | |

## PLAINTIFF STANLEY BOCLAIR'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Stanley Boclair, by and through undersigned counsel, and for his

First Amended Complaint, states as follows:

### General Allegations

1.       Plaintiff, Stanley Boclair, is an inmate at Menard Correctional Center ("MCC"),

located at 711 E Kaskaskia St., Menard, IL 62259, which is operated by the Illinois Department

of Corrections ("IDOC").

2.      Mr. Boclair brings all claims pursuant to 42 U.S.C. §1983 for violations of his Fourteenth Amendment and Eighth Amendment rights to be free of cruel and unusual punishment while incarcerated. This Court, therefore, has Federal question jurisdiction over all claims.

3.      On August 4, 2017, there was a prison shakedown at Menard Correctional Center ("MCC"). The prison shakedown was conducted by an IDOC tactical team.

4.      Prior to August 4, 2017, between approximately March 4, 2015 and May 18, 2016, Mr. Boclair had suffered a left shoulder injury from a fall and subsequently required ongoing physical therapy and cortisone injections to alleviate the pain in his shoulder.

5.      During the August 4, 2017 shakedown, Mr. Boclair was handcuffed behind the back, ordered to hold his head and eyes toward the ground and was guided from his cell to the MCC chapel by officers.

6.      Once in the chapel, Mr. Boclair was forced to sit in a stress position with his hands cuffed behind his back and his head downward for over ninety minutes.

7.      Defendants, Jacqueline Lashbrook, John Baldwin, Barry Myers, Michael Laminack, Philip Royster, Joshua Cornstubble, John Koch, Justin Engelage, Carson Winters, and Ezra Hunter are IDOC agents and/or employees who were present in the MCC chapel concurrently with Mr. Boclair during the August 4, 2017 shakedown.

8.      At all relevant times herein, Defendant Jacqueline Lashbrook was the Warden of Menard Correctional Center. Defendant Lashbrook oversees the operations of MMC.

9.      At all relevant times herein, Defendant John Baldwin was the acting director for the IDOC.  As such, he oversees the operations of the IDOC and was in charge of operations and regulations at MCC.

10. Shortly after sitting in the stress position during the August 4, 2017 shakedown, Mr. Boclair began to experience excruciating pain in his shoulder.

11. Plaintiff informed the Defendants numerous times that he was in extreme pain. He was visibly crying due to the pain. He complained to Defendants that he had an old shoulder injury and it felt as though his shoulder "was being ripped apart."

12. The Defendants ignored Mr. Boclair's complaints of pain and visible demonstration of pain.

13. While handcuffed in a stress position, Mr. Boclair experienced excruciating pain and suffering in his shoulders because of his preexisting shoulder injury.

14. As a result of the above-mentioned incident, Mr. Boclair has experienced permanent injury to his shoulder, including substantially limited range of motion, chronic pain, and a need for future surgeries.

### Count I – Deliberate Indifference towards Mr. Boclair's Eighth and Fourteenth Amendment Rights against Defendant John Baldwin

COMES NOW Plaintiff Stanley Boclair, by and through undersigned counsel, and for Count I of his First Amended Complaint, states as follows:

15. Plaintiff incorporates by reference Paragraphs 1-14 of the General Allegations.

16. This defendant was present in the MCC chapel with Plaintiff during the August 4, 2017 shakedown.

17. While handcuffed, Defendant observed Plaintiff experiencing excruciating pain in his shoulder.

18. While handcuffed, Mr. Boclair informed Defendant that he was experiencing excruciating pain in his shoulder.

19. Defendant was subjectively aware that Plaintiff was in excruciating pain.

20.     Defendant was also aware that Plaintiff had preexisting medical conditions that contraindicated handcuffing him in a stress position for over ninety minutes.

21.     Despite subjective awareness of Mr. Boclair's pain and preexisting health conditions, Defendant was deliberately indifferent to Mr. Boclair's medical needs by:

a.  Handcuffing him in a stress position;

b.  Failing to un-cuff Mr. Boclair, loosen his handcuffs, or handcuff him in the front to relieve his pain;

c.  Failing to intervene when other Defendants handcuffed Mr. Boclair in a stress position despite subjective awareness of Mr. Boclair's preexisting medical conditions and excruciating shoulder pain; and/or

d.  Failing to intervene when other Defendants refused to loosen or adjust Mr. Boclair's handcuffs;

22.     As a direct and proximate cause of Defendant's deliberate indifference, Mr. Boclair suffered injuries, including but not limited to, past and future pain in his shoulders and neck, the aggravation of preexisting conditions in his shoulders and neck, emotional distress, past and future medical expenses, and past and future emotional distress.

WHEREFORE Plaintiff Stanley Boclair prays for judgment against Defendant John Baldwin in excess of $75,000 and for all other relief deemed just and proper.

### Count II – Deliberate Indifference towards Mr. Boclair's Eighth and Fourteenth Amendment Rights against Defendant Jacqueline Lashbrook

COMES NOW Plaintiff Stanley Boclair, by and through undersigned counsel, and for Count II of his First Amended Complaint, states as follows:

23.     Plaintiff incorporates by reference Paragraphs 1-14 of the General Allegations.

24. This defendant was present in the MCC chapel with Plaintiff during the August 4, 2017 shakedown.

25. While handcuffed, Defendant observed Plaintiff experiencing excruciating pain in his shoulder.

26. While handcuffed, Mr. Boclair informed Defendant that he was experiencing excruciating pain in his shoulder.

27. Defendant was subjectively aware that Plaintiff was in excruciating pain.

28. Defendant was also aware that Plaintiff had preexisting medical conditions that contraindicated handcuffing him in a stress position for over ninety minutes.

29. Despite subjective awareness of Mr. Boclair's pain and preexisting health conditions, Defendant was deliberately indifferent to Mr. Boclair's medical needs by:

    a. Handcuffing him in a stress position;

    b. Failing to un-cuff Mr. Boclair, loosen his handcuffs, or handcuff him in the front to relieve his pain;

    c. Failing to intervene when other Defendants handcuffed Mr. Boclair in a stress position despite subjective awareness of Mr. Boclair's preexisting medical conditions and excruciating shoulder pain; and/or

    d. Failing to intervene when other Defendants refused to loosen or adjust Mr. Boclair's handcuffs;

30. As a direct and proximate cause of Defendant's deliberate indifference, Mr. Boclair suffered injuries, including but not limited to, past and future pain in his shoulders and neck, the aggravation of preexisting conditions in his shoulders and neck, emotional distress, past and future medical expenses, and past and future emotional distress.

WHEREFORE Plaintiff Stanley Boclair prays for judgment against Defendant Jacqueline Lashbrook in excess of $75,000 and for all other relief deemed just and proper.

### Count III – Deliberate Indifference towards Mr. Boclair's Eighth and Fourteenth Amendment Rights against Defendant Barry Myers

COMES NOW Plaintiff Stanley Boclair, by and through undersigned counsel, and for Count III of his First Amended Complaint, states as follows:

31.     Plaintiff incorporates by reference Paragraphs 1-14 of the General Allegations.

32.     This defendant was present in the MCC chapel with Plaintiff during the August 4, 2017 shakedown.

33.     While handcuffed, Defendant observed Plaintiff experiencing excruciating pain in his shoulder.

34.     While handcuffed, Mr. Boclair informed Defendant that he was experiencing excruciating pain in his shoulder.

35.     Defendant was subjectively aware that Plaintiff was in excruciating pain.

36.     Defendant was also aware that Plaintiff had preexisting medical conditions that contraindicated handcuffing him in a stress position for over ninety minutes.

37.     Despite subjective awareness of Mr. Boclair's pain and preexisting health conditions, Defendant was deliberately indifferent to Mr. Boclair's medical needs by:

a.  Handcuffing him in a stress position;

b.  Failing to un-cuff Mr. Boclair, loosen his handcuffs, or handcuff him in the front to relieve his pain;

c.  Failing to intervene when other Defendants handcuffed Mr. Boclair in a stress position despite subjective awareness of Mr. Boclair's preexisting medical conditions and excruciating shoulder pain; and/or

d. Failing to intervene when other Defendants refused to loosen or adjust Mr. Boclair's handcuffs;

38. As a direct and proximate cause of Defendant's deliberate indifference, Mr. Boclair suffered injuries, including but not limited to, past and future pain in his shoulders and neck, the aggravation of preexisting conditions in his shoulders and neck, emotional distress, past and future medical expenses, and past and future emotional distress.

WHEREFORE Plaintiff Stanley Boclair prays for judgment against Defendant Barry Myers in excess of $75,000 and for all other relief deemed just and proper.

**Count IV – Deliberate Indifference towards Mr. Boclair's Eighth and Fourteenth Amendment Rights against Defendant Michael Laminack**

COMES NOW Plaintiff Stanley Boclair, by and through undersigned counsel, and for Count IV of his First Amended Complaint, states as follows:

39. Plaintiff incorporates by reference Paragraphs 1-14 of the General Allegations.

40. This defendant was present in the MCC chapel with Plaintiff during the August 4, 2017 shakedown.

41. While handcuffed, Defendant observed Plaintiff experiencing excruciating pain in his shoulder.

42. While handcuffed, Mr. Boclair informed Defendant that he was experiencing excruciating pain in his shoulder.

43. Defendant was subjectively aware that Plaintiff was in excruciating pain.

44. Defendant was also aware that Plaintiff had preexisting medical conditions that contraindicated handcuffing him in a stress position for over ninety minutes.

45. Despite subjective awareness of Mr. Boclair's pain and preexisting health conditions, Defendant was deliberately indifferent to Mr. Boclair's medical needs by:

a. Handcuffing him in a stress position;

b. Failing to un-cuff Mr. Boclair, loosen his handcuffs, or handcuff him in the front to relieve his pain;

c. Failing to intervene when other Defendants handcuffed Mr. Boclair in a stress position despite subjective awareness of Mr. Boclair's preexisting medical conditions and excruciating shoulder pain; and/or

d. Failing to intervene when other Defendants refused to loosen or adjust Mr. Boclair's handcuffs;

46.     As a direct and proximate cause of Defendant's deliberate indifference, Mr. Boclair suffered injuries, including but not limited to, past and future pain in his shoulders and neck, the aggravation of preexisting conditions in his shoulders and neck, emotional distress, past and future medical expenses, and past and future emotional distress.

WHEREFORE Plaintiff Stanley Boclair prays for judgment against Defendant Michael Laminack in excess of $75,000 and for all other relief deemed just and proper.

**Count V – Deliberate Indifference towards Mr. Boclair's Eighth and Fourteenth Amendment Rights against Defendant Philip Royster**

COMES NOW Plaintiff Stanley Boclair, by and through undersigned counsel, and for Count V of his First Amended Complaint, states as follows:

47.     Plaintiff incorporates by reference Paragraphs 1-14 of the General Allegations.

48.     This defendant was present in the MCC chapel with Plaintiff during the August 4, 2017 shakedown.

49.     While handcuffed, Defendant observed Plaintiff experiencing excruciating pain in his shoulder.

50.     While handcuffed, Mr. Boclair informed Defendant that he was experiencing excruciating pain in his shoulder.

51.     Defendant was subjectively aware that Plaintiff was in excruciating pain.

52.     Defendant was also aware that Plaintiff had preexisting medical conditions that contraindicated handcuffing him in a stress position for over ninety minutes.

53.     Despite subjective awareness of Mr. Boclair's pain and preexisting health conditions, Defendant was deliberately indifferent to Mr. Boclair's medical needs by:

a.  Handcuffing him in a stress position;

b.  Failing to un-cuff Mr. Boclair, loosen his handcuffs, or handcuff him in the front to relieve his pain;

c.  Failing to intervene when other Defendants handcuffed Mr. Boclair in a stress position despite subjective awareness of Mr. Boclair's preexisting medical conditions and excruciating shoulder pain; and/or

d.  Failing to intervene when other Defendants refused to loosen or adjust Mr. Boclair's handcuffs;

54.     As a direct and proximate cause of Defendant's deliberate indifference, Mr. Boclair suffered injuries, including but not limited to, past and future pain in his shoulders and neck, the aggravation of preexisting conditions in his shoulders and neck, emotional distress, past and future medical expenses, and past and future emotional distress.

WHEREFORE Plaintiff Stanley Boclair prays for judgment against Defendant Philip Royster in excess of $75,000 and for all other relief deemed just and proper.

**Count VI – Deliberate Indifference towards Mr. Boclair's Eighth and Fourteenth Amendment Rights against Defendant Joshua Cornstubble**

COMES NOW Plaintiff Stanley Boclair, by and through undersigned counsel, and for Count VI of his First Amended Complaint, states as follows:

55.     Plaintiff incorporates by reference Paragraphs 1-14 of the General Allegations.

56.     This defendant was present in the MCC chapel with Plaintiff during the August 4, 2017 shakedown.

57.     While handcuffed, Defendant observed Plaintiff experiencing excruciating pain in his shoulder.

58.     While handcuffed, Mr. Boclair informed Defendant that he was experiencing excruciating pain in his shoulder.

59.     Defendant was subjectively aware that Plaintiff was in excruciating pain.

60.     Defendant was also aware that Plaintiff had preexisting medical conditions that contraindicated handcuffing him in a stress position for over ninety minutes.

61.     Despite subjective awareness of Mr. Boclair's pain and preexisting health conditions, Defendant was deliberately indifferent to Mr. Boclair's medical needs by:

a.  Handcuffing him in a stress position;

b.  Failing to un-cuff Mr. Boclair, loosen his handcuffs, or handcuff him in the front to relieve his pain;

c.  Failing to intervene when other Defendants handcuffed Mr. Boclair in a stress position despite subjective awareness of Mr. Boclair's preexisting medical conditions and excruciating shoulder pain; and/or

d.  Failing to intervene when other Defendants refused to loosen or adjust Mr. Boclair's handcuffs;

62.     As a direct and proximate cause of Defendant's deliberate indifference, Mr. Boclair suffered injuries, including but not limited to, past and future pain in his shoulders and neck, the aggravation of preexisting conditions in his shoulders and neck, emotional distress, past and future medical expenses, and past and future emotional distress.

WHEREFORE Plaintiff Stanley Boclair prays for judgment against Defendant Joshua Cornstubble in excess of $75,000 and for all other relief deemed just and proper.

**Count VII – Deliberate Indifference towards Mr. Boclair's Eighth and Fourteenth Amendment Rights against Defendant John Koch**

COMES NOW Plaintiff Stanley Boclair, by and through undersigned counsel, and for Count VII of his First Amended Complaint, states as follows:

63.     Plaintiff incorporates by reference Paragraphs 1-14 of the General Allegations.

64.     This defendant was present in the MCC chapel with Plaintiff during the August 4, 2017 shakedown.

65.     While handcuffed, Defendant observed Plaintiff experiencing excruciating pain in his shoulder.

66.     While handcuffed, Mr. Boclair informed Defendant that he was experiencing excruciating pain in his shoulder.

67.     Defendant was subjectively aware that Plaintiff was in excruciating pain.

68.     Defendant was also aware that Plaintiff had preexisting medical conditions that contraindicated handcuffing him in a stress position for over ninety minutes.

69.     Despite subjective awareness of Mr. Boclair's pain and preexisting health conditions, Defendant was deliberately indifferent to Mr. Boclair's medical needs by:

    a.  Handcuffing him in a stress position;

b. Failing to un-cuff Mr. Boclair, loosen his handcuffs, or handcuff him in the front to relieve his pain;

c. Failing to intervene when other Defendants handcuffed Mr. Boclair in a stress position despite subjective awareness of Mr. Boclair's preexisting medical conditions and excruciating shoulder pain; and/or

d. Failing to intervene when other Defendants refused to loosen or adjust Mr. Boclair's handcuffs;

70. As a direct and proximate cause of Defendant's deliberate indifference, Mr. Boclair suffered injuries, including but not limited to, past and future pain in his shoulders and neck, the aggravation of preexisting conditions in his shoulders and neck, emotional distress, past and future medical expenses, and past and future emotional distress.

WHEREFORE Plaintiff Stanley Boclair prays for judgment against Defendant John Koch in excess of $75,000 and for all other relief deemed just and proper.

**Count VIII – Deliberate Indifference towards Mr. Boclair's Eighth and Fourteenth Amendment Rights against Defendant Justin Engelage**

COMES NOW Plaintiff Stanley Boclair, by and through undersigned counsel, and for Count VIII of his First Amended Complaint, states as follows:

71. Plaintiff incorporates by reference Paragraphs 1-14 of the General Allegations.

72. This defendant was present in the MCC chapel with Plaintiff during the August 4, 2017 shakedown.

73. While handcuffed, Defendant observed Plaintiff experiencing excruciating pain in his shoulder.

74. While handcuffed, Mr. Boclair informed Defendant that he was experiencing excruciating pain in his shoulder.

75. Defendant was subjectively aware that Plaintiff was in excruciating pain.

76. Defendant was also aware that Plaintiff had preexisting medical conditions that contraindicated handcuffing him in a stress position for over ninety minutes.

77. Despite subjective awareness of Mr. Boclair's pain and preexisting health conditions, Defendant was deliberately indifferent to Mr. Boclair's medical needs by:

a. Handcuffing him in a stress position;

b. Failing to un-cuff Mr. Boclair, loosen his handcuffs, or handcuff him in the front to relieve his pain;

c. Failing to intervene when other Defendants handcuffed Mr. Boclair in a stress position despite subjective awareness of Mr. Boclair's preexisting medical conditions and excruciating shoulder pain; and/or

d. Failing to intervene when other Defendants refused to loosen or adjust Mr. Boclair's handcuffs;

78. As a direct and proximate cause of Defendant's deliberate indifference, Mr. Boclair suffered injuries, including but not limited to, past and future pain in his shoulders and neck, the aggravation of preexisting conditions in his shoulders and neck, emotional distress, past and future medical expenses, and past and future emotional distress.

WHEREFORE Plaintiff Stanley Boclair prays for judgment against Defendant Justin Engelage in excess of $75,000 and for all other relief deemed just and proper.

**Count IX – Deliberate Indifference towards Mr. Boclair's Eighth and Fourteenth Amendment Rights against Defendant Carson Winters**

COMES NOW Plaintiff Stanley Boclair, by and through undersigned counsel, and for Count IX of his First Amended Complaint, states as follows:

79. Plaintiff incorporates by reference Paragraphs 1-14 of the General Allegations.

80. This defendant was present in the MCC chapel with Plaintiff during the August 4, 2017 shakedown.

81. While handcuffed, Defendant observed Plaintiff experiencing excruciating pain in his shoulder.

82. While handcuffed, Mr. Boclair informed Defendant that he was experiencing excruciating pain in his shoulder.

83. Defendant was subjectively aware that Plaintiff was in excruciating pain.

84. Defendant was also aware that Plaintiff had preexisting medical conditions that contraindicated handcuffing him in a stress position for over ninety minutes.

85. Despite subjective awareness of Mr. Boclair's pain and preexisting health conditions, Defendant was deliberately indifferent to Mr. Boclair's medical needs by:

    a. Handcuffing him in a stress position;

    b. Failing to un-cuff Mr. Boclair, loosen his handcuffs, or handcuff him in the front to relieve his pain;

    c. Failing to intervene when other Defendants handcuffed Mr. Boclair in a stress position despite subjective awareness of Mr. Boclair's preexisting medical conditions and excruciating shoulder pain; and/or

    d. Failing to intervene when other Defendants refused to loosen or adjust Mr. Boclair's handcuffs;

86. As a direct and proximate cause of Defendant's deliberate indifference, Mr. Boclair suffered injuries, including but not limited to, past and future pain in his shoulders and neck, the aggravation of preexisting conditions in his shoulders and neck, emotional distress, past and future medical expenses, and past and future emotional distress.

WHEREFORE Plaintiff Stanley Boclair prays for judgment against Defendant Carson Winters in excess of $75,000 and for all other relief deemed just and proper.

### Count X – Deliberate Indifference towards Mr. Boclair's Eighth and Fourteenth Amendment Rights against Defendant Ezra Hunter

COMES NOW Plaintiff Stanley Boclair, by and through undersigned counsel, and for Count X of his First Amended Complaint, states as follows:

87. Plaintiff incorporates by reference Paragraphs 1-14 of the General Allegations.

88. This defendant was present in the MCC chapel with Plaintiff during the August 4, 2017 shakedown.

89. While handcuffed, Defendant observed Plaintiff experiencing excruciating pain in his shoulder.

90. While handcuffed, Mr. Boclair informed Defendant that he was experiencing excruciating pain in his shoulder.

91. Defendant was subjectively aware that Plaintiff was in excruciating pain.

92. Defendant was also aware that Plaintiff had preexisting medical conditions that contraindicated handcuffing him in a stress position for over ninety minutes.

93. Despite subjective awareness of Mr. Boclair's pain and preexisting health conditions, Defendant was deliberately indifferent to Mr. Boclair's medical needs by:

   a. Handcuffing him in a stress position;

   b. Failing to un-cuff Mr. Boclair, loosen his handcuffs, or handcuff him in the front to relieve his pain;

   c. Failing to intervene when other Defendants handcuffed Mr. Boclair in a stress position despite subjective awareness of Mr. Boclair's preexisting medical conditions and excruciating shoulder pain; and/or

    d.   Failing to intervene when other Defendants refused to loosen or adjust Mr. Boclair's handcuffs;

94.    As a direct and proximate cause of Defendant's deliberate indifference, Mr. Boclair suffered injuries, including but not limited to, past and future pain in his shoulders and neck, the aggravation of preexisting conditions in his shoulders and neck, emotional distress, past and future medical expenses, and past and future emotional distress.

WHEREFORE Plaintiff Stanley Boclair prays for judgment against Defendant Ezra Hunter in excess of $75,000 and for all other relief deemed just and proper.

/s/ Kara M. Burke
Kara M. Burke, Esq., IL Bar #6317090
Brown & James, P.C.
Richland Plaza 1
525 West Main Street, Suite 200
Belleville, IL  62220-1547
618-235-5590 – general
618-355-5134 – direct
karab@bjpc.com
Attorney for Plaintiff

## Certificate of Service

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following on this 2nd day of July 2020:

Jeanine Armstrong
Assistant Attorney General, General Law
Office of the Attorney General, State of Illinois
201 West Pointe Dr. Suite 7
Swansea, IL 62226
jarmstrong@atg.state.il.us
*Attorney for Defendants*

/s/ Kara M. Burke

22783903.1