IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STANLEY BOCLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   18-cv-1188-RJD |
| | ) | |
| JACQUELINE LASHBROOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Stanley Boclair, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard").  In his complaint, Plaintiff alleges he was subjected to cruel and unusual punishment when members of the Orange Crush tactical unit handcuffed him in a stress position, causing severe pain and injuring his left shoulder.  Plaintiff proceeds on ten counts alleging deliberate indifference under the Eighth and Fourteenth Amendments against Defendants John Baldwin, Jacqueline Lashbrook, Barry Myers, Michael Laminack, Philip Royster, Joshua Cornstubble, John Koch, Justin Engelage, Carson Winters, and Ezra Hunter (*see* Doc. 63).

This matter is now before the Court to address a number of motions filed by Plaintiff.  The Court addresses each motion separately, as set forth below.

**Motion to Obtain the Text of Local Rule 7.1 (Doc. 140)**

In this motion, Plaintiff asks the Court to "remain open to exigent circumstances confronting Plaintiff in accessing local rule 7.1 in exceptional circumstances."  In support of this

request, Plaintiff cites his limited access to the library.  Plaintiff also mentions the three-day period following service of a response to file a reply.

Plaintiff's request and motion to the Court is not clear.  Insofar as Plaintiff is seeking clarity regarding Local Rule 7.1, the Clerk of Court is **DIRECTED** to send Plaintiff a courtesy copy of the Court's Local Rules.  The Court notes, however, that Local Rule 7.1 makes no mention of a three-day time period for any filing.   Insofar as Plaintiff is seeking any other relief through this motion, it is **DENIED**.

### Motion for Recruitment of Counsel (Doc. 141)

Plaintiff asks the Court to recruit him counsel in this matter, citing concerns that prison officials are delaying and destroying his legal papers.  With regard to Plaintiff's contention that prison officials are destroying legal documents, the Court finds no evidence supporting this position.  Indeed, Plaintiff seems to merely complain that a number of documents from various court cases were provided to him on July 14, 2022.  Plaintiff points to no instance where a document was destroyed or his cases were hindered because he did not receive a document.

More generally to Plaintiff's request for recruitment of counsel, the Court finds Plaintiff was previously recruited counsel and represented by an attorney in this case.  Recruited counsel was allowed to withdraw as the Court found counsel was able to identify the John Doe defendants.  In counsel's motion to withdraw, however, counsel indicated there was a "fundamental disagreement" regarding the suit's merits, settlement value, and strategy (*see* Doc. 91).  Counsel also noted that Plaintiff refused to follow the advice of counsel.

In Judge Yandle's Order granting counsel's motion to withdraw, she considered the *Pruitt* factors and determined Plaintiff was capable of proceeding pro se.  Plaintiff has not set forth a compelling reason to reconsider this decision.  Plaintiff's Motion for Recruitment of Counsel is

**DENIED**.

### Motion for Estoppel by Conduct against AAG Jeanine Armstrong (Doc. 148)

Plaintiff complains that AAG Jeanine Armstrong failed to intervene and ensure Plaintiff received medical treatment for a condition brought to her attention and, as such, Plaintiff asks that AAG Armstrong be disqualified as counsel. In support of his motion, Plaintiff relies on an email sent by his counsel in an unrelated case wherein counsel informed AAG Armstrong of a rash on Plaintiff's body and asked AAG Armstrong if there was anything she could do to assist with the situation. The email was sent February 8, 2021.

AAG Armstrong responded to Plaintiff's motion and explained she has no duty to provide health care for Plaintiff (Doc. 150). AAG Armstrong further explains the case at hand, and the case in which the correspondence occurred had no relation to a rash. Plaintiff replied to AAG Armstrong's response (Doc. 154).

This issue was already addressed by Judge Yandle wherein she denied Plaintiff's request to disqualify AAG Armstrong from this matter. The Court again **DENIES** Plaintiff's motion as wholly baseless. Plaintiff has not established *any* basis to disqualify AAG Armstrong from this matter. The Court **ADVISES** Plaintiff to refrain from filing repetitive and frivolous motions that tax the limited resources of the Court and unfairly consume time the Court needs to serve other litigants seeking relief in the federal court system. *See, e.g., Alexander v. U.S.*, 121 F.3d 312, 315-16 (7th Cir. 1997) (applying monetary sanctions for duplicative filings in a habeas case).

### Motion for Relief from Order (Doc. 134) and to Establish Basis in a Motion of Estoppel Disqualifying AAG Jeanine Armstrong (Doc. 149)

Plaintiff asks the Court to reconsider its previous decision denying his Motion for Estoppel by Conduct against Jeanine Armstrong (Doc. 134) asserting documentation attached to the motion

at hand will "delineate" the basis for removing AAG Armstrong. There was no attachment to the motion at hand. Insofar as Plaintiff relies on the email attached to his Motion for Estoppel (Doc. 148) that was denied by the undersigned, his documentation does not establish a basis to disqualify AAG Armstrong. Plaintiff's Motion is **DENIED**.

### Motion to Compel (Doc. 151)

In this motion, Plaintiff complains that during "the most recent taking of [his] deposition," he was "ambushed" with hundreds of pages of critical documents that counsel for Defendants left in the possession of a correctional officer with instructions that Plaintiff not retain or copy any of the same. Plaintiff also complains he did not receive his deposition notice until after the deposition was taken. Plaintiff asks that the Court instruct Defendants' counsel to not ambush him with documents during a deposition, issue an order that Plaintiff be allowed to copy any documents presented for a deposition, and provide notice of a deposition at least two weeks in advance.

Defendants responded to Plaintiff's motion asserting the deposition referenced by Plaintiff occurred during the early part of the COVID-19 lockdown on June 10, 2020 (Doc. 155). According to Defendants, a deposition notice was sent on May 13, 2020. At the time this deposition was taken, the parties were not certain about the size of the device Plaintiff would be utilizing to appear for his deposition. To avoid issues in seeing the documents that were to be addressed at the deposition, Defendants' counsel sent the documents to the facility so they would be available to review in-person and the parties would not have to rely on reading the documents via video. Defendants explain the documents that were sent to the facility had already been exchanged as initial disclosures or through discovery. Defendants assert Plaintiff is correct in that the documents were not left for Plaintiff to possess following the deposition as he is not

entitled to the same.

It appears Plaintiff seeks speculative relief for issues that are not certain to arise in this case. As such, his Motion is **DENIED**. Insofar as Plaintiff is prospectively concerned about the production of certain documents at his deposition, Plaintiff is advised that Defendants can provide hard copies of documents at his deposition for review and to question him about, and Plaintiff is not necessarily entitled to possess or copy these documents. The Court's consideration of whether such an occurrence is proper under the Rules is determined on a case-by-case basis and the Court cannot make a speculative ruling regarding the same. Defendants are also advised to follow the Federal Rules and dictates set forth in the Scheduling and Discovery Order (Doc. 131) in taking Plaintiff's deposition.

### Motion for Extension of Discovery Deadline (Doc. 152)

Plaintiff asks that the discovery deadline be extended from May 25, 2023 to June 25, 2023 because the Court granted Defendants an extension of 30 days to respond to Plaintiff's First Set of Requests to Admit and Request for Production of Documents. Plaintiff asserts he was injured by this discovery extension and was "unable to prosecute his claim" for these 30 days. Plaintiff also complains that Defendants did not attempt to ascertain his position on their motion because he "is the most permanently accessible individual counsel could have contacted."

Plaintiff's motion is **DENIED**. Plaintiff asks for an extension of the discovery deadline that is currently more than six months away. Plaintiff has not specified what discovery he was unable to complete or why he can no longer meet the May 25, 2023 discovery deadline because of the brief, interim discovery extension afforded Defendants. Plaintiff needs to show good cause to move the discovery deadline and merely stating he was injured without more is not sufficient. The Court also notes the parties are not required to confer regarding requests for extensions of

time.

### Motion to Compel (Doc. 165)

Plaintiff alleges his former counsel is in possession of still photographs of Defendants "hovering over Plaintiff" and other 3-gallery inmates in the chapel at the time Plaintiff was injured. Plaintiff complains these photographs were not provided to Plaintiff upon counsel's withdrawal from this case and asks the Court to enter an order compelling his former counsel to provide the photographs and all other material in her possession to Plaintiff.

Defendants assert they do not possess any photographs related to this case.  Defendants ask that insofar as any photographs exist and are sent to Plaintiff, that a copy of the same be sent to Defendants.

The Court **DIRECTS** Plaintiff's former counsel, Attorney Kara Marie Burke, to advise the Court when the case file was sent to Plaintiff, whether the case file included photographs, and whether the photographs were provided to Plaintiff.   Attorney Burke shall file a notice providing the Court with this information by **November 23, 2022**.   Plaintiff's Motion is **TAKEN UNDER ADVISEMENT**.   The Clerk of Court is **DIRECTED** to send Attorney Kara Marie Burke a copy of this Order at the address captured in the docket sheet, Brown & James – Belleville, 535 Main Street, Suite 200, Belleville, IL 62220.

### Motion to Subpoena Bret H. Miller and Naveen C. Saini (Doc. 167)

Plaintiff asks the Court to subpoena Dr. Brett Miller, the attending medical specialist who performed a total shoulder arthroplasty on Plaintiff, and Naveen Saini, a physician who performed and assessed an MRI of Plaintiff's shoulder in 2017.

The Clerk must issue subpoenas on a request of a party.  Fed. R. Civ. P. 45(a)(3). However, the Court has an obligation to protect persons subject to a subpoena and may preview

subpoenas in order to ensure that the Court's subpoena power is not being abused. Fed. R. Civ. P. 26(b)(2)(C), 45(c); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996). As such, Plaintiff's Motion is **GRANTED IN PART**. The Clerk is **DIRECTED** to provide Plaintiff with **two** subpoena forms, blank and unsigned. Plaintiff shall complete the forms and submit them to the Court for review. Plaintiff shall take appropriate steps to avoid imposing undue burden or expense on a person subject to subpoena and shall restrict his requests to information that is relevant to the claims or defenses.

Plaintiff is **ADVISED** to review Rule 45 of the Federal Rules of Civil Procedure. Plaintiff is further **ADVISED** that if the Court determines that the subpoena seeks relevant information and may be issued, the party seeking the subpoena is responsible for paying the associated costs - even if the court has found that the party is indigent. *See Armstead v. MacMillian*, 58 F.App'x 210, 213 (7th Cir. 2003) (unpublished) ("District courts do not have statutory authority to waive witness fees for indigent civil litigants …").

**IT IS SO ORDERED.**

**DATED: November 10, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**