IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STANLEY BOCLAIR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.   18-cv-1188-RJD |
| JACQUELINE LASHBROOK, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Stanley Boclair, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). In his complaint, Plaintiff alleges he was subjected to cruel and unusual punishment when members of the Orange Crush tactical unit handcuffed him in a stress position on August 4, 2017, causing severe pain and injuring his left shoulder. Plaintiff proceeds on ten counts alleging deliberate indifference under the Eighth and Fourteenth Amendments against Defendants John Baldwin, Jacqueline Lashbrook, Barry Myers, Michael Laminack, Philip Royster, Joshua Cornstubble, John Koch, Justin Engelage, Carson Winters, and Ezra Hunter (*see* Doc. 63).

This matter is now before the Court to address a number of motions filed by Plaintiff. The Court's discussion and decision as to each is set forth below.

***Motion for Issuance of Subpoenas (Doc. 182) and Motion to Amend Subpoena Request in Document 182 (Doc. 203)***

In these motions, Plaintiff seeks to subpoena Drs. Bret Miller and Naveen Saini. In his

motion at Doc. 182, Plaintiff seeks documents, as he clarified he brings the subpoenas "duces tecum" (*see* Docs. 184, 210), and in his motion at Doc. 203, it appears Plaintiff is seeking the testimony of Drs. Miller and Saini.

With regard to Dr. Miller, Plaintiff's document and deposition subpoena requests are identical. Plaintiff seeks the following regarding Dr. Miller's medical opinion: (1) identification of Plaintiff's condition that was addressed on April 20, 2018 at Herrin Hospital with a total arthroplasty of his left shoulder, and Plaintiff's anticipated quality of life following the procedure; and (2) whether Plaintiff would be exaggerating in saying that nine months prior to surgery he cried out while being handcuffed behind the back for approximately one and one-half hours sitting with his head held down.

Plaintiff's document and deposition subpoenas directed to Dr. Saini are also identical and seek the following: whether the findings of the December 8, 2017 MRI of Plaintiff's left shoulder taken at St. Elizabeth's Hospital in O'Fallon, IL could have occurred prior to August 4, 2017.

The Court has previewed the subpoenas directed to Drs. Saini and Miller and **DECLINES** to issue the same. *See* FED. R. CIV. P. 26(b)(2)(C), 45(c); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996). First, with regard to Plaintiff's subpoena "duces tecum" (*see* Doc. 182), Plaintiff's requests are problematic insofar as Plaintiff is not requesting particularized documents, such as medical records; rather, Plaintiff is requesting certain opinions from these medical providers. Rule 45 does not contemplate the use of a subpoena commanding production of documents for such a purpose. The Court recognizes, however, that Plaintiff's amended subpoena request seeks the in-person appearance of Drs. Saini and Miller, presumably for testimony. These subpoenas are also problematic insofar as Plaintiff has not set forth a place or time for such an appearance; thus, the Court is unable to discern whether such testimony would

comply with the dictates of Rule 45(c). Further, the Court is mindful that Plaintiff's incarceration makes the possibility of a live, in-person deposition unwieldly and quite unlikely. Insofar as Plaintiff's subpoena may be construed as a request for deposition by written questions under Rule 31, Plaintiff has failed to demonstrate his compliance with the required procedures. Rule 31 requires a party seeking deposition by written question to arrange and pay for an officer (usually a stenographer or court reporter) to meet with deponents, take their testimony, and prepare and certify their depositions. *See* Fed. R. Civ. P. 31(b). The Court will not pay these costs. *See Lindell v. McCallum*, 352 F.3d 1007, 1111 (7th Cir. 2003) (a pro se plaintiff proceeding in forma pauperis "has no constitutional entitlement to subsidy … to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund" (internal citations omitted)); *Werner v. Hamblin*, No. 12-cv-0096, 2013 WL 788076, at *1 (E.D. Wis. Mar. 1, 2013) (the cost of a court reporter for a Rule 31 deposition "is not an expense that the court would pay" (citing *McNeil v. Lowney*, 831 F.3d 1368, 1373 (7th Cir. 1987))).

Because it is not apparent that Plaintiff has, or is willing and able, to make such arrangements to complete a live or written deposition of Drs. Saini or Miller, his Motions for Subpoena are **DENIED**.

***Motion for Sanctions (Doc. 192); Supplement to Motion for Sanctions (Doc. 199); Motion to Withdraw Docs. 198, 199 (Doc. 207)***

Plaintiff's filings regarding his request for sanctions against Defendants are not clear. In his initial motion for sanctions (Doc. 192), Plaintiff asserts Defendants Lashbrook and Hunter failed to provide their interrogatory responses by March 24, 2023, and Defendants Engelage and Myers did not respond to his requests to admit also due by this date. Plaintiff later clarifies in his motion that Defendants Engelage and Myers filed their response to his requests to admit, but

complains that these responses were not sent directly to Plaintiff. Plaintiff also complains that Defendant Baldwin sought additional time to respond to his interrogatories and Defendants also sent him a notice of deposition during this time.

In his supplement to his motion for sanctions (Doc. 199), Plaintiff asserts counsel directed a legal mail officer to remove the postmark from an envelope that contained responses to Plaintiff's requests to admit and interrogatories that Plaintiff asserts he "should have received earlier." In his motion to withdraw Docs. 198 and 199, Plaintiff indicates he seeks to withdraw such filings because the "discovery documents appear to be timely mailed by prison officials." Plaintiff seeks to withdraw Doc. 199 because "it was a moot matter when finally filed." Plaintiff does not specifically mention withdrawal of his motion for sanctions at Doc. 182.

Based on these filings, it is not clear whether Plaintiff seeks to withdraw his initial motion for sanctions as well as his supplement. Because at this juncture Plaintiff's request for sanctions is unclear, the Court **DENIES** the motion **without prejudice**. Plaintiff is granted leave to refile his motion, provided he clearly states what conduct remains at issue and why he seeks sanctions for said conduct. Plaintiff's Motion to Withdraw is **GRANTED** as to Doc. 199. Plaintiff's request to withdraw Doc. 198 is addressed below.

***Motion Ordering Originals be Attached to Deposition Pending Final Disposition of the Case (Doc. 193)***

Plaintiff asks that the Court order that all documents produced for inspection during his May 25, 2023 deposition be marked for identification with the originals attached to the deposition pending final disposition. Plaintiff's request is **DENIED**. The Court finds the management of depositions in the way sought by Plaintiff is not an efficient use of time and resources. The parties are free to make agreements amongst themselves pertaining to documents addressed during

depositions.

***Motion to Extend Discovery Deadline (Doc. 198) and Motion to Withdraw Docs. 198, 199 (Doc. 207)***

In his motion to extend the discovery deadline, Plaintiff asks that discovery remain open until July 15, 2023, citing issues with the warden destroying certain mail to thwart his litigation, his efforts to complete discovery in this case, and delays caused by Defendants in responding to discovery in this case.

Plaintiff, however, filed a motion asking to withdraw his motion to extend discovery on May 1, 2023. Plaintiff's motion to withdraw(Doc. 207) is **GRANTED** and his motion to extend the discovery deadline (Doc. 198) is **WITHDRAWN**.

***Motion for Permission to File an Interlocutory Appeal and Proceed without Prepaying Fees (Doc. 200)***

Plaintiff asks the Court for permission to file an interlocutory appeal concerning the Court's Order at Doc. 195 denying Plaintiff's motion to compel and motion for sanctions. The Court denied Plaintiff's motions insofar as they related to discovery responses that had been received by Plaintiff, albeit with the possibility they were received a few days delayed. Plaintiff asserts the Court abused its discretion in making its decision. Plaintiff also asserts he is unable to pay the $505.00 appellate filing fee.

28 U.S.C. § 1292(b) "permits a court of appeals to review an interlocutory order if the district court certifies that particular issues meet the statutory requirements." *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 811 (7th Cir. 2015) (citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)). Section 1292(b) sets forth the following statutory criteria: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th

Cir. 2000) (emphasis in original).

Plaintiff's request for an interlocutory appeal does not meet these requirements. The order on Plaintiff's motion to compel and motion for sanctions did not involve pure questions of law, but rather, concern factual and contextual issues. Further, the issues are not controlling in the sense they would eliminate claims from the case or otherwise control the litigation. Plaintiff has not set forth any binding cases to demonstrate the issues here are contestable or that there is a "substantial likelihood" the undersigned's rulings would be overturned on appeal. Finally, there is no indication an interlocutory appeal would streamline or otherwise speed up the litigation. *See Hurt v. Vantlin*, 3:14-cv-00092-JMS-MPB, 2020 WL 1310443 (S.D. Ind. Feb. 6, 2020).

For these reasons, Plaintiff's Motion for Permission to File an Interlocutory Appeal and Proceed without Prepaying Fees (Doc. 200) is **DENIED**.

***Motion and Affidavit to Proceed in District Court without Prepaying Fees or Costs (Doc. 201)***

It is not clear whether Plaintiff seeks to proceed on this matter without prepaying fees or costs, or whether he seeks to proceed *in forma pauperis* on appeal. Plaintiff's motion at hand was filed on the same date as his motion for permission to file an interlocutory appeal, so the Court finds it likely Plaintiff intended a motion for leave to appeal *in forma pauperis*. Because the Court denied Plaintiff permission to file an interlocutory appeal, his request to proceed on appeal *in forma pauperis* is **MOOT**. Insofar as Plaintiff seeks leave to proceed in this case *in forma pauperis*, his request is also **MOOT** as he has already paid the filing fee in full.

***Motion to Subpoena Menard Tactical Commander Jerry Witthoft (Doc. 204) and Motion to Subpoena Duces Tecum Jerry Witthoft (Doc. 205)***

In these motions, Plaintiff asks the Court to subpoena Jerry Whitthoft to provide both documents (Doc. 204) and testimony (Doc. 205). Plaintiff asserts Witthoft was the Menard

Tactical Commander that participated in the planning and execution of the August 4, 2017 special operation that resulted in Plaintiff's injury.  Plaintiff asserts Witthoft created documents identifying staff members that participated in the August 4, 2017 and their role in said operation.

Plaintiff's requests for the Court to issue subpoenas directed to Jerry Witthoft are **DENIED**.  Plaintiff has not provided any subpoenas for review.  As such, the Clerk is **DIRECTED** to provide Plaintiff with two subpoena forms (AO88B), blank and unsigned. Plaintiff shall complete the form and submit it to the Court for review, including the documents and/or testimony sought by subpoena. Plaintiff shall take appropriate steps to avoid imposing undue burden or expense on a person subject to the subpoena.  Plaintiff is **ADVISED** to review Rule 45 of the Federal Rules of Civil Procedure.  Plaintiff is further **ADVISED** that if the Court determines that the subpoena seeks relevant information and may be issued, the party seeking the subpoena is responsible for paying the associated costs - even if the court has found that the party is indigent.  *See Armstead v. MacMillian*, 58 F.App'x 210, 213 (7th Cir. 2003) (unpublished) ("District courts do not have statutory authority to waive witness fees for indigent civil litigants …").  As mentioned above with respect to Plaintiff's other subpoena requests, if Plaintiff seeks deposition testimony, he must demonstrate that he has made arrangements, and is willing and able to pay for the same.

**IT IS SO ORDERED.**

**DATED: May 12, 2023**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
