IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY BOCLAIR, | ) |
| Plaintiff, | ) |
| v. | ) Case No.  18-cv-1188-RJD |
| JACQUELINE LASHBROOK, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Stanley Boclair, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard").  In his complaint, Plaintiff alleges he was subjected to cruel and unusual punishment when members of the Orange Crush tactical unit handcuffed him in a stress position, causing severe pain and injuring his left shoulder.  Plaintiff proceeds on ten counts alleging deliberate indifference under the Eighth and Fourteenth Amendments against Defendants John Baldwin, Jacqueline Lashbrook, Barry Myers, Michael Laminack, Philip Royster, Joshua Cornstubble, John Koch, Justin Engelage, Carson Winters, and Ezra Hunter (*see* Doc. 63).

This matter is now before the Court to address a number of motions filed by Plaintiff.  The Court addresses each motion separately, as set forth below.

<u>**Motion for Sanctions Under Rule 37(b)(2)(A)(i)(ii)(v)(vi) (Doc. 213)**</u>

In this motion, Plaintiff cites to Defendants' counsel's response to a motion to compel wherein counsel indicated she could not verify whether she had received a discovery dispute letter

sent by Plaintiff because she had not returned to the office after an extended leave of absence (*see* Doc. 188 at ¶ 6).  Plaintiff then asserts that "[c]ounsel was responding to a court imposed deadline, where any ground (even one day) not stated in a timely objection is waived."  Plaintiff's motion and his requested relief are not clear.  Insofar as Plaintiff is complaining that the Court denied his motion to compel at Doc. 178 based on a representation of counsel made in response to the motion to compel that was false, there is no merit to this claim and certainly no basis for sanctions under Rule 37.  Indeed, the Court declines to entertain this motion any further.  Plaintiff's motion for sanctions is **DENIED**.  As a final matter, the Court finds this motion is borderline frivolous.  The Court is not required to endure repetitive and frivolous filings by a prisoner, which tax the limited resources of the Court and unfairly consume time the Court needs to serve other litigants seeking relief in the federal system.  *See, e.g., Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (applying monetary sanctions for duplicative filings in a habeas case).  Plaintiff is **ADVISED** that if he continues to inundate the Court with frivolous filings, the Court will issue whatever sanction may be warranted, which could include a monetary fine, a filing prohibition, or dismissal of his case.

### Motion for Issuance of Subpoena upon the Court's Review (Doc. 239)

Plaintiff asks that the Court issue a subpoena directed to Jerry Witthoft seeking documents from August 2017 concerning certain Defendants' assignments.  Plaintiff's motion is **DENIED**.  Discovery in this matter closed on May 25, 2023.  Plaintiff's motion was filed on June 22, 2023 and, therefore, the discovery he seeks is out of time.

### Motions to Brief the Court (Docs. 240, 245)

In these motions, Plaintiff asks that the Court "admonish" Defendants, their superiors, colleagues, subordinates, and agents in lieu of him filing a motion for injunction so that they cease

engaging in alleged acts of retaliation. More specifically, Plaintiff contends that on certain dates in June 2023 actions were taken by Defendants and other staff members in retaliation for filing this suit, including limiting certain portions of food items, withholding or destroying certain mail, and limiting his law library access. Plaintiff, however, makes no mention of any documents he believes he has not received in this case and, based on a review of his filings, it appears he has received Defendants' motion for summary judgment filed on June 26, 2023.

Insofar as Plaintiff's complaints relate to concerns regarding the daily administration of Menard Correctional Center, where Plaintiff is currently housed, the Court does not interfere with the same. Insofar as Plaintiff is asserting he is facing retaliatory actions related to the filing of this lawsuit, such claims are not a part of this case and, if Plaintiff believes he has another constitutional claim, he may file a new and separate lawsuit. The Court reiterates that a review of the record in this case does not reflect any inability of Plaintiff to file documents and responsive briefs in this case.

Plaintiff's Motions to Brief the Court (Docs. 240 and 245) are **DENIED**.

### Motion for Extension of Time (Doc. 244)

Defendants filed a motion for summary judgment on June 26, 2023 (Doc. 242). Plaintiff's response is currently due on July 31, 2023. In this motion, Plaintiff asserts he did not receive this motion until July 5, 2023, and asks that he be granted 60 days from the date of receipt to file his response because of issues accessing legal materials and the law library. Plaintiff's motion is **GRANTED**. Plaintiff shall file his response to Defendants' motion for summary judgment by **September 5, 2023**.

**IT IS SO ORDERED.**

**DATED: July 13, 2023**

*s/  Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**