IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY BOCLAIR, | ) |
| Plaintiff, | ) |
| v. | ) Case No.  18-cv-1188-RJD |
| JACQUELINE LASHBROOK, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Petition for Leave to File and Proceed on Appeal In Forma Pauperis (Doc. 257).   For the reasons set forth below, the Petition is **DENIED**.

**Background**

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 alleging he was subjected to cruel and unusual punishment when members of the Orange Crush tactical unit handcuffed him in a stress position on August 4, 2017, causing severe pain and injuring his left shoulder.

This Court issued an order (Doc. 248) on July 13, 2023 that disposed of the following motions: (1) Plaintiff's Motion for Discovery Sanctions against defense counsel; (2) Plaintiff's Motion for Issuance of a Subpoena; (3) Plaintiff's Motions "to Brief the Court" in which he asked the Court "to instruct" Defendants and their colleagues, subordinates, and agents to stop retaliating against him, "in lieu of Plaintiff filing a motion under Rule 65(a)"; (4) Plaintiff's Motion for Extension of Time to respond to Defendants' summary judgment motion.   Docs. 213, 239, 240, 244, 245.   Plaintiff filed a notice of appeal (Doc. 251) regarding the Order entered on July 13,

2023 (Doc. 248).   Plaintiff now asks for leave to proceed *in forma pauperis* on this appeal.

## Discussion

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A).   See also *Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2009). An appeal is taken in good faith if it seeks review of an issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit.   *Walker*, 216 F.3d at 622 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)).   The motion to proceed IFP must be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal.   *See* FED. R. APP. P. 24(a)(1).

Although the Court has no doubt that Plaintiff is indigent, the Court finds that Plaintiff's appeal in this instance is not taken in good faith because it is frivolous.   Plaintiff has appealed a non-appealable order.   The Order is not final; it relates to discovery and administrative issues. No judgment has been entered.   The Order did not dismiss Plaintiff's case and is not an appealable final decision of the District Court under 28 U.S.C. § 1291.   Further, the contents of the Orders do not fall into any of the provisions of 28 U.S.C. § 1292 for an interlocutory appeal.   For these reasons, the Court **DENIES** Plaintiff's Petition for Leave to File and Proceed on Appeal In Forma Pauperis (Doc. 257).

One additional note about jurisdiction is in order.   Ordinarily, an appeal to the Court of Appeals "divests the district court of its control over those aspects of the case involved in the appeal."   *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000).   However, a deficient notice of appeal does not divest

the district court of jurisdiction.  *Gilda Indus. Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008).  Where it is clear to the district court that a notice of appeal is deficient because it seeks review of a non-appealable order, the district court may disregard the notice of appeal.  *Id.* (citing *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (*en banc*)).  Because the Court finds Plaintiff's notice of appeal is deficient as it seeks review of a non-appealable order, the notice does not divest the district court of jurisdiction.

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals for use in conjunction with Appeal No. 23-2602.

**IT IS SO ORDERED.**

**DATED: December 5, 2023**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**